UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21202-CIV-UNGARO

ALEXANDER BAYOLO,
    Plaintiff,

v.

LINDA SWACINA, et al.,
    Defendants.
_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court *sua sponte*.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. In his Complaint, Plaintiff seeks an order compelling Defendants to expeditiously process and adjudicate his INS Form I-485 Application to Adjust Status of Permanent Resident Status ("Adjustment Application"). (Compl. 1.) According to Plaintiff, his Adjustment Application has been stalled with United States Citizenship and Immigration Services ("USCIS") for over three years since he first filed it on December 6, 2005, and that such delay is unreasonable. (Compl. 3.) Plaintiff argues that the Court has jurisdiction over his Complaint pursuant to The Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*.

The Court has taken the position that it lacks subject matter jurisdiction over actions regarding the adjudication of Adjustment Applications. 8 U.S.C. § 1252(a)(2)(B)(ii) provides in pertinent part:

> Not withstanding any provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General of the Secretary of Homeland Security the authority for which is specified under the subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other that the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii). 8 U.S.C. § 1255(a) gives the Attorney General discretion to adjust

the immigration status of an alien to permanent resident. Thus, pursuant to the plain language of 8 U.S.C. § 1252(a)(2)(B)(ii), the district courts lack jurisdiction to review any decision or "action" of the Attorney General pertaining to an adjustment of status application. In this regard, the Court concurs with the many other district court judges who have construed the word "action" to include the pace at which adjustment of status applications are resolved and who have concluded that the pace of the process is a non-reviewable discretionary action under 8 U.S.C. § 1252(a)(2)(B)(ii). *E.g., Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350 (S.D. Fla. 2007); *Li v. Chertoff* 482 F.Supp.2d 1172 (S.D.Cal. 2007); *Qiu v. Chertoff,* 486 F.Supp.2d 412 (D.N.J.,2007); *Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006); *Sharif v. Chertoff,* No. 07 C 1690, 2007 WL 2045489 (N.D.Ill. Jul 18, 2007); *Narra v. Gonzalez*, No. 4:06CV3289, 2007 WL 1959255 (D.Neb. July 3, 2007); *Zhang v. Dist. Dir., USCIS*, No. 07-362(SDW), 2007 WL 1797655, (D.N.J. June 20, 2007); *Elzerw v. Mueller*, No. 07-00166,2007 WL 1221195 (E.D.Pa. Apr. 23, 2007);*Romanovich v. Gonzales*, No. 07-60224, 2007 WL 1229047 (S.D.Fla. April 4, 2007); *Zaytsev v. Gantner*, No.4 civ 7101, 2004 WL 2251665 (S.D.N.Y. Sept. 24, 2004).[1]

---

[1] The Court acknowledges that several district courts have rejected the reasoning in *Safadi*. *E.g. Okunev v. Chertoff*, No. C07 00417 HRL, 2007 WL 2023553 (N.D.Cal. Jul 11, 2007); *Duan v. Zamberry,* No. 06-1351, 2007 WL 626116 (W.D.Pa.. February 23, 2007)*; Dmitriev v. Chertoff*, No. C 06-07677 JW, 2007 WL 1319533, (N.D.Cal. May 04, 2007); *Koren v. Chertoff*, No. 3:07CV157 PCD, 2007 WL 1431948, (D.Conn. May 14, 2007); *Duan v. Zamberry,* No. 06-1351, 2007 WL 626116 (W.D.Pa.. February 23, 2007); *Jones v. Gonzales*, No. 07-20334. 2007 US DIST LEXIS 45012 (S.D.Fla. June 21, 2007); *Fu v. Gonzales,* No. C 07-0207 EDL, 2007 WL 1742376, (N.D.Cal. May 22, 2007).

However, the undersigned has concluded that the reasoning in *Safadi* and the cases adopting its rationale are most faithful to Congressional intent. Among other factors that this Court finds persuasive is the fact that Congress has imposed a deadline for processing of naturalization applications, *see* INA § 336(b), 8 U.S.C. § 1447(b), but apparently deliberately has chosen not to prescribe a time for the processing of adjustment of status ("green card") applications. This distinction seems both practical and rational since applicants for green cards

Notwithstanding 8 U.S.C. § 1252(a)(2)(B)(ii) and the above-cited cases, Plaintiff contends that mandamus is an appropriate vehicle to compel USCIS and the FBI, which conducts background checks in connection with status adjustment applications, to act. The Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[T]he writ of mandamus is an extraordinary remedy, to be reserved to extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). "Mandamus is proper if (1) the Plaintiffs can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act; and (3) no other remedy is available." *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003) (*citing Heckler v. Ringer*, 466 U.S. 602, 617 (1984)). Here, Plaintiff has not demonstrated a clear right to relief nor can he demonstrate that Defendants have a clear non-discretionary duty to act. Simply stated, there is no provision in the Immigration and Nationality Act of 1952 ("INA") § 245(a) which sets a time limit for the Attorney General or USCIS to decide whether to adjust an applicant's status and, consequently, the time frame for processing applications is discretionary.[2]

Plaintiff also puts forth APA, 5 U.S.C. § 706, as a jurisdictional basis upon which this

---

generally are more numerous and more recently arrived (and therefore less established) in the United States than applicants for naturalization.

[2]   The Court notes Plaintiff's reference to a USCIS Interoffice Memorandum advising that "where an application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485, I-601, I-687, I-698 and proceed with card issuance." (Compl. 1.) However, such Interoffice Memorandum does not have the force of law, for it has not been either passed by Congress or promulgated by an appropriate agency. Thus, the Court sees no reason to consider it in its analysis.

Court can rely to compel action on Plaintiff's application. This section allows a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In addition, 5 U.S.C. § 555(b) provides in pertinent part: "with due regard for the convenience and necessity of the parties and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b) (emphasis added). However, the APA itself precludes judicial review in this instance by providing in 5 U.S.C. § 701(a) that "[t]his chapter applies . . . except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Also, the APA does not apply where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). As explained above, 8 U.S.C. § 1255(a) commits the decision whether to grant status adjustment to agency discretion, and 8 U.S.C. § 1252(a)(2)(B)(ii) precludes review of any decision or action regarding an Adjustment Application, such as Plaintiff's. Also, as found above, the Secretary's "decision" or "action" regarding the pace at which such applications are processed is within the ambit of these provisions. Accordingly, the APA does not furnish a jurisdictional basis for Plaintiff to maintain this action. Additionally, because Plaintiff has provided no proper federal statutory basis under which the Court can assume jurisdiction over this matter, the Complaint does not present a federal question. *See* 28 U.S.C. § 1331. It is

ORDERED AND ADJUDGED that the above-captioned cause is DISMISSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of May, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

4